IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLIFFORD ANTHONY JACKSON #401126   \*
    Plaintiff
                                      \*
    v.                                  CIVIL ACTION NO.  PJM-12-2187
                                      \*
BEVERLY SALMON
    Defendant                     \*
                                  \*\*\*\*\*\*

## **MEMORANDUM OPINION**

Seeking damages, self-represented Plaintiff Clifford Anthony Jackson filed suit under 42 U.S.C. § 1983 against Maryland assistant public defender, Beverly Salmon, alleging that Salmon conspired with the prosecutor and police seeking to obtain a fraudulent conviction.  The Complaint is not a model of clarity.  Jackson states was appointed a public defender in August of 2010, but nonetheless filed a number of pretrial motions on his own behalf.  Jackson indicates he was released on January 28, 2011, and implies his release would have occurred sooner had Salmon acted on his motions.[1]

Jackson's request for leave to proceed in forma pauperis (ECF No. 2) shall be granted. Given the granting of indigency status, this Court may review the claim presented in the Complaint prior to service of process and dismiss the case if it has no factual or legal basis.  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Two elements are essential to sustain an action under 42 U.S. C. § 1983.  Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the

---

[1] The court has examined Maryland Judiciary Case Search.  Although Clifford Anthony Jackson has been prosecuted numerous times in the state courts, none of the cases appears to have been adjudicated during the time referenced in the Complaint.

deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Defendant, an attorney, was acting under color of law, the claim against her shall be dismissed. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (attorneys, including public defenders and attorneys appointed by the State of Maryland do not act under color of state law and are not state actors).

Title 28 U.S.C. 1915(e), provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
>   (i)   is frivolous or malicious;
>   (ii)  fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

This action seeks money damages from a party immune from such relief and will be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(iii). This dismissal will constitute Jackson's "first strike" under the statute. Jackson is advised that once three such dismissals are entered against him, he will be barred from filing new cases unless he first submits the entire civil filing fee, pursuant to 28 U.S.C. § 1915 (g).

A separate order shall be entered in accordance with this Memorandum.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 30, 2012